NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1918
_____

UNITED STATES OF AMERICA

v.

CEDRIC BROWN
a/k/a BLEED

CEDRIC BROWN,
            Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No.3-08-cr-00445)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
June 23, 2011
_____

Before: CHAGARES, JORDAN and GREENAWAY, JR., Circuit Judges

(Filed: June 24, 2011)
_____

OPINION
_____

GREENAWAY, JR., Circuit Judge

    Cedric Brown ("Brown" or "Appellant") pled guilty to possessing with intent to

distribute and distributing heroin and crack cocaine. The District Court sentenced him to 151 months of imprisonment. Brown now seeks review of this sentence, arguing that the District Court committed a procedural error in imposing this sentence. For the reasons set forth below, we will affirm the sentence.

## I. Background Facts

We write primarily for the parties, and thus recount only the essential facts.

At Brown's sentencing, the District Court calculated his total offense level to be 30, but that level was increased to 32, due to Brown's status as a career offender. Based on Brown's acceptance of responsibility for his actions, the total offense level was reduced to 29. Brown's criminal history category was VI, resulting in a Guidelines range of 151 to 188 months of imprisonment. Arguing that Brown's co-defendants had received lesser sentences and that Brown's role in the drug distribution ring was limited, Brown's counsel urged the District Court to apply the factors enumerated in 18 U.S.C. § 3553(a) in order to overlook the impact of Brown's career offender status, and impose a sentence below the Guidelines range.

Before imposing sentence, the District Court considered Brown's numerous prior convictions for dealing drugs, his personal history, the need for deterrence (both for Brown and others in society), the need to provide substantial punishment, and the need to provide some benefit to Brown in the form of educational and vocational opportunities. Taking all of these factors into account, the District Court imposed a sentence at the bottom of the Guidelines range.

## II.  Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction, pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

"[P]ost- Booker, 'the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions.'"  U.S. v. Tomko, 562 F.3d 558, 561 (3d Cir. 2009) (quoting Gall v. U.S., 552 U.S. 38, 46 (2007)).  That is, "appellate review of sentencing decisions is limited to determining whether they are 'reasonable.'"  Gall, 552 U.S. at 46.

## III.  Legal Standard

When imposing sentence, district courts must follow a three-step process:

(1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker.

(2) In doing so, they must "formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and tak[e] into account [our] Circuit's pre- Booker case law, which continues to have advisory force."

(3) Finally, they are required to "exercise[ ] [their] discretion by considering the relevant [§ 3553(a)] factors," in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006) (quoting United States v. King,

3

454 F.3d 187, 196 (3d Cir. 2006)) (internal citations omitted).[1]

"[A]ppellate review proceeds in two stages.  It begins by 'ensur[ing] that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.'" Tomko, 562 F.3d at 567 (quoting Gall, 552 U.S. at 51).  "If a district court's procedure passes muster, 'we then, at stage two, consider its substantive reasonableness.'" Id. (quoting United States v. Levinson, 543 F.3d 190, 195 (3d Cir. 2008)).

## IV.  Analysis

Brown "contends that the District Court failed to adequately apply the relevant factors enumerated in 18 U.S.C. § 3553(a) to the facts and circumstances of this case." (Br. for Appellant Cedric Brown 10.)  Specifically, Brown argues that the District Court failed to give proper consideration to "the nature and circumstances of the offense, the kinds of sentences available, and, most importantly, the need to avoid unwarranted sentencing disparities." (Id. at 11.)  Additionally, Brown argues that the District Court

---

[1]  "As an aside, our Court has previously stated that we distinguish between traditional departures based on a specific Guidelines provision and sentencing 'variances' from the Guidelines that are based on Booker and the [18 U.S.C.] § 3553(a) factors." Gunter, 462 F.3d at 247 n.10 (citing United States v. Vampire Nation, 451 F.3d 189, 195 n.2 (3d Cir. 2006)).

4

erred by placing "undue emphasis" on his prior drug convictions which resulted in Brown's classification as a career offender. (Id. at 11-12.)

Reviewing the sentencing transcript, we conclude that the District Court did not abuse its discretion in imposing a sentence of 151 months. At the sentencing hearing, Brown's counsel argued that the District Court should not impose a sentence that is "greater than necessary" and should consider the sentence disparities between Brown and his co-defendants based on the relative drug amounts to which each defendant pled, as well as the respective roles they played. (App. 58-59.) The District Court asked counsel about the impact of Brown's career offender status. While acknowledging that the career offender status was a "problem," counsel emphasized that imposing a sentence that took Brown's career offender status into account "just does not seem fair." (Id. at 61.)

After hearing argument from Brown's counsel and the government, the District Court noted that, after presiding over all of the co-defendants' cases, it was "familiar with the various roles that people played in this drug distribution conspiracy." (Id. at 65.) The District Court recognized that although Brown was not the leader of the conspiracy, and that the drug amount for which Brown was responsible was less than one of the other defendants, he was an integral part of the conspiracy. Further, the District Court recognized that it had to consider the fact that Brown's multiple drug convictions required that he be sentenced as a career offender, which more than justified a Guidelines sentence. The District Court noted that Brown's counsel offered a reasonable argument, but emphasized that it "cannot justify sentencing lower than the guidelines range as a

function of [Brown's] past criminal record." (Id. at 66.)

## V.  Conclusion

In light of the District Court's reasoned analysis and thorough discussion of many of the § 3553(a) factors, we conclude that the District Court did not abuse its discretion in sentencing Brown to 151 months.  The sentence is procedurally sound and substantively reasonable.  We will affirm the District Court's sentence.